1
2
3
4
5   **UNITED STATES DISTRICT COURT**
6   **DISTRICT OF NEVADA**
7
8   AMY CARSTENSEN,                          2:11-CV-1500 JCM (LRL)
9              Plaintiff,
10  v.
11  BAC HOME LOAN SERVICING LP,
12  et al.,
13             Defendants.
14
15                           **ORDER**
16      Presently before the court is defendants, BAC Home Loan Servicing, LP, et. al.'s motion to
17  dismiss complaint. (Doc. #5). Plaintiff Amy Carstensen filed an opposition to this motion. (Doc.
18  #19). Defendants then filed a reply. (Doc. #22).
19      The property at issue in this case is located at 10760 Jubilee Avenue, Las Vegas, Nevada.
20  (Doc. #1, Ex. A). Plaintiff had a mortgage for this property serviced by BAC Home Loan Servicing,
21  LP. (Doc. #1, Ex. A). The property was sold at a foreclosure sale on July 1, 2011, after the sale date
22  had been delayed several times.
23      Defendants move to dismiss the complaint for failure to state a claim upon which relief can
24  be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #5). The complaint alleges
25  ten causes of action: (1) breach of contract, (2) promissory estoppel, (3) breach of good faith, (4)
26  fraud, (5) intentional misrepresentation, (6) negligent misrepresentation, (7) violation of NRS 107,
27  *et. seq.*, (8) intentional misrepresentation, (9) negligent misrepresentation, and (10) unjust
28

**James C. Mahan**
**U.S. District Judge**

1  enrichment. (Doc. #1, Ex. A). Plaintiff stipulates to dismiss her claims for fraud, breach of contract,
2  promissory estoppel, and breach of good faith. (Doc. #19). Defendants contend that plaintiff's
3  misrepresentation claims fail because the claims are not made with sufficient particularity to allow
4  defendants to determine who said what and how. (Doc. #5). Furthermore, defendants argue that
5  plaintiff's NRS 107, *et seq.* claim fails because the plaintiff never meaningfully opposed any of
6  defendants' arguments in her opposition to the motion to dismiss. (Doc. #22). Finally, defendants
7  contend that plaintiff's mortgage is an express agreement which precludes an action based on unjust
8  enrichment. (Doc. #5). Accordingly, the complaint should be dismissed for failure to state a claim.

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

### I.  Counts five and eight: intentional misrepresentation

In counts five and eight of the complaint, plaintiff asserts that defendants made intentional or reckless false statements that foreclosure proceedings would cease if plaintiff complied with

**James C. Mahan**
**U.S. District Judge**

- 2 -

Making Homes Affordable ("MHA") guidelines and her foreclosure was still in review. (Doc. #1, Ex. A).

Plaintiff's complaint fails to meet the pleadings standard established in *Iqbal*. 129 S.Ct. at 1949. Plaintiff's claims are made with so little particularity that they do not "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* Plaintiff alleges that statements were made which caused her to believe that foreclosure proceedings would cease if she complied with MHA guidelines. However, plaintiff fails to assert who made these statements, how they were communicated, when they were communicated, or what was said. Accordingly, counts five and eight of plaintiff's complaint are dismissed.

**II.     Counts six and nine: negligent misrepresentation**

In counts six and nine of the complaint, plaintiff asserts that defendants negligently made false statements that foreclosure proceedings would cease if plaintiff complied with MHA guidelines and her foreclosure was still in review. (Doc. #1, Ex. A).

Counts six and nine suffer from the same lack of particularity as counts five and eight. Therefore, counts six and nine of plaintiff's complaint are dismissed.

**III.    Count seven: violation of NRS 107, *et seq***

Count seven of the complaint broadly alleges that defendants failed to comply with the requirements of NRS 107, *et seq.* prior to foreclosing on the subject property. (Doc. #1, Ex. A). The complaint names no specific instances of these violations.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Here, plaintiff has not plead sufficient factual matter to establish a plausible NRS 107, *et seq.* claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), this complaint "fails to state a claim upon which relief can be granted."

Furthermore, defendants endeavored to respond to plaintiff's claim in their motion to dismiss by asserting point by point how they adhered to various NRS 107, *et seq.* requirements before foreclosure proceedings took place (doc #5), but plaintiff never responded to these defense

arguments in their opposition to the motion to dismiss (doc. #19). Pursuant to LR 7-2(d), the motion must be granted if an opposing party fails to file points and authorities in response to any motion. Accordingly, count seven of plaintiff's complaint is dismissed.

### IV.   Count ten: unjust enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust,* 942 P2d 182, 187 (Nev. 1997) (per curiam).

Plaintiff's complaint asserts that plaintiff had a mortgage for the subject property serviced by BAC Home Loan Servicing, LP, and that plaintiff applied for a modification of this mortgage. (Doc. #1, Ex. A). The mortgage constitutes an express contract. Accordingly, count ten of plaintiff's complaint is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants BAC Home Loan Servicing, LP, et. al.'s motion to dismiss complaint (doc. #5) be, and the same hereby is, GRANTED

DATED February 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**